1    Thomas J. Moran (SBN 278940)
     FEDERAL EXPRESS CORPORATION
2    2601 Main Street, Suite 340
     Irvine, California 92614
3    Telephone:  949.862.4625
     Facsimile:   901.492.5641
4    thomas.moran@fedex.com

5    Attorney for Defendant, FEDERAL
     EXPRESS CORPORATION aka FEDEX
6    EXPRESS

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12   MARTHA CRISTERNA,                    | **Case No.**  2:23-cv-00131

                      Plaintiff,            (Los Angeles County Superior Court Case
13          v.                             No. 22STCV35732)

14   FEDEX CORPORATION,                   **DECLARATION OF THOMAS J.**
     FEDERAL EXPRESS                      **MORAN IN SUPPORT OF NOTICE**
15   CORPORATION, FEDEX                   **OF REMOVAL OF CIVIL ACTION**
     EXPRESS, KENNY GOODNIGHT            **UNDER 28 U.S.C. §§ 1332, 1441 AND**
16   and DOES 1 to 50, inclusive          **1446**

17                    Defendants.          **[DIVERSITY JURISDICTION]**

18                                         Complaint Filed:  November 14, 2022
                                           FAC Filed:        November 15, 2022
19                                         Trial Date:       None

20

21

22

23

24

25

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1772017 (286893)                            1

DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

## DECLARATION OF THOMAS J. MORAN

I, Thomas J. Moran, hereby declare and state as follows:

1.    I am an attorney in good standing, licensed to practice law before this Court and all other courts, both state and federal, in the State of California.  I am an in-house attorney for Federal Express Corporation ("FedEx Express") and represent FedEx Express and Kenny Goodnight in this matter.  I have knowledge of the facts contained herein, and if called and sworn as a witness herein, I could and would testify competently thereto. I make this declaration in support of FedEx Express's Notice of Removal of Civil Action.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by Plaintiff Martha Cristerna ("Plaintiff") on November 14, 2022, entitled *Martha Cristerna v. FedEx Express Corporation, et al.,* in Los Angeles County Superior Court, Case No. 22STCV35732. On November 15, 2022, Plaintiff filed a First Amended Complaint ("FAC"), a true and correct copy of which is attached hereto as **Exhibit 2**. Plaintiff served the FAC and related papers on FedEx Express on December 8, 2022.

3.    Attached hereto are true and correct copies of the additional documents filed in the state court action, as follows:

- **Exhibit 3:** 11/14/2022 Civil Case Cover Sheet
- **Exhibit 4**: 11/14/2022 First Amended General Order re: Electronic Filing
- **Exhibit 5**: 11/14/2022 Notice of Case Management Conference
- **Exhibit 6**: 11/14/2022 Notice of Case Assignment – Unlimited Civil Case
- **Exhibit 7**: 11/14/2022 Notice of OSC Hearing
- **Exhibit 8**: 11/14/2022 Summons
- **Exhibit 9**: 11/14/2022 Voluntary Efficient Litigation Stipulations
- **Exhibit 10**: 11/14/2022 ADR Packet
- **Exhibit 11**: 11/14/2022 Peremptory Challenge
- **Exhibit 12**: 11/15/2022 Certificate of Mailing re: Minute Order

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1772017 (286893)                                        2

DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

- **Exhibit 13**: 11/15/2022 Minute Order
- **Exhibit 14**: 11/15/2022 Case Reassignment
- **Exhibit 15**: 11/16/2022 Notice of Case Management Conference
- **Exhibit 16**: 11/16/2022 Notice of OSC Hearing
- **Exhibit 17**: 12/8/2022 Proof of Service (FedEx Express Corp.)
- **Exhibit 18**: 12/8/2022 Proof of Service (FedEx Corp.)
- **Exhibit 19**: 12/8/2022 Proof of Service (FedEx Express)
- **Exhibit 20**: 12/19/2022 Proof of Service (Kenny Goodnight)

4.      Pursuant to 28 U.S.C. § 1446(d), **Exhibits 1-20** attached to my Declaration constitute all process, pleadings, and orders filed in this action of which I am aware. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court in Los Angeles County and with the Clerk of the Central District of California.

5.      I have confirmed with counsel for FedEx Corporation that FedEx Corporation consents to this removal. Plaintiff also erroneously sues "FedEx Express," which is a trade name and/or DBA of Defendant Federal Express Corporation, not a separate business entity.

6.      I have reviewed Plaintiff's wage documentation, and, based on my review thereof, at the time of her termination, Plaintiff's hourly wage was $18.05.

I declare under penalty of perjury under the laws of the state of California and the laws of the United States that the foregoing is true and correct and that this declaration was executed by me this 9th day of January 2023, in Irvine, California.


*/s/ Thomas J. Moran*
THOMAS J. MORAN

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1772017 (286893)                3

DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL

# Exhibit 1

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 11/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk, Deputy Clerk
Case 2:23-cv-00131-JLS-MAA   Document 1-1   Filed 01/09/23   Page 5 of 122   Page ID #:20
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

1   Carney R. Shegerian, Esq., State Bar No. 150461
    CShegerian@Shegerianlaw.com
2   Anthony Nguyen, Esq., State Bar No. 259154
    ANguyen@Shegerianlaw.com
3   Gevik Yenoki, Esq., State Bar No. 343514
    GYenoki@Shegerianlaw.com
4   SHEGERIAN & ASSOCIATES, INC.
    11520 San Vicente Boulevard
5   Los Angeles, California 90049
    Telephone Number:     (310) 860 0770
6   Facsimile Number:     (310) 860 0771

7   Attorneys for Plaintiff,
    MARTHA CRISTERNA

8

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12   MARTHA CRISTERNA,                    Case No.: 22STCV35732

13        Plaintiff,                      **PLAINTIFF MARTHA CRISTERNA'S
                                          COMPLAINT FOR DAMAGES FOR:**
14   vs.

15   FEDEX CORPORATION,                   **(1) DISCRIMINATION IN VIOLATION
     FEDERAL EXPRESS                          OF THE CRD;**
16   CORPORATION, FEDEX
     EXPRESS, KENNY GOODNIGHT,            **(2) HOSTILE WORK ENVIRONMENT
17   and DOES 1 to 100, inclusive,            HARASSMENT IN VIOLATION OF
                                              THE CRD;**
18        Defendants.
                                          **(3) RETALIATION IN VIOLATION OF
19                                            THE CRD;**

20                                        **(4) FAILURE TO PROVIDE
                                              REASONABLE
21                                            ACCOMMODATION IN
                                              VIOLATION OF THE CRD;**
22
                                          **(5) FAILURE TO ENGAGE IN THE
23                                            INTERACTIVE PROCESS IN
                                              VIOLATION OF CRD;**
24
                                          **(6) FAILURE TO PREVENT
25                                            DISCRIMINATION,
                                              HARASSMENT, OR
26                                            RETALIATION IN VIOLATION OF
                                              CRD;**
27
                                          **(7) BREACH OF EXPRESS ORAL
28                                            CONTRACT NOT TO TERMINATE
                                              EMPLOYMENT WITHOUT GOOD**

---

CAUSE;

(8) **BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**

(9) **NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

(10) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

(11) **WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);**

(12) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

**Page**

SUMMARY ................................................................................................... 1

PARTIES .................................................................................................... 1

VENUE ....................................................................................................... 3

FACTS COMMON TO ALL CAUSES OF ACTION ....................................... 4

FIRST CAUSE OF ACTION ......................................................................... 8

    Discrimination on the Bases of Disability  (Violation of Government Code
    § 12900, *et seq.*) Against Entity Defendants, and Does 1 to 100, Inclusive ............. 8

SECOND CAUSE OF ACTION ..................................................................... 9

    Hostile Work Environment Harassment on the Bases of Disability ........................ 9

    (Violation of Government Code § 12900, *et seq.*) Against All Defendants; and
    Does 1 to 100, Inclusive ............................................................................. 9

THIRD CAUSE OF ACTION ........................................................................ 10

    Retaliation for Engaging in Protected Activity  (Violation of Government
    Code § 12900, *et seq.*) Against Entity Defendants; and Does 1 to 100,
    Inclusive .................................................................................................. 10

FOURTH CAUSE OF ACTION ..................................................................... 11

    Failure to Provide Reasonable Accommodation (Violation of Government
    Code § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100,
    Inclusive .................................................................................................. 11

FIFTH CAUSE OF ACTION ......................................................................... 12

    Failure to Engage in Interactive Process (Violation of Government Code
    § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100,
    Inclusive .................................................................................................. 12

SIXTH CAUSE OF ACTION ......................................................................... 13

    Failure to Prevent Discrimination, Harassment, or Retaliation (Violation of
    Government Code § 12900, *et seq.*) Against Entity Defendants; and Does 1 to
    100, Inclusive ............................................................................................ 13

SEVENTH CAUSE OF ACTION .................................................................... 15

    Breach of Express Oral Contract Not to Terminate Employment Without
    Good Cause (*Marvin v. Marvin* (1976) 18 Cal.3d 660) Against Entity
    Defendants; and Does 1 to 100, Inclusive ..................................................... 15

EIGHTH CAUSE OF ACTION ............................................................... 15

    Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 15

NINTH CAUSE OF ACTION ................................................................ 16

    Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against Entity Defendants; and Does 1 to 100, Inclusive ......... 16

TENTH CAUSE OF ACTION ............................................................... 17

    Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against Entity Defendants; and Does 1 to 100, Inclusive ................................................................. 17

ELEVENTH CAUSE OF ACTION ........................................................ 18

    Whistleblower Retaliation (Violation of Labor Code § 1102.5, *et seq.*) Against Entity Defendants; and Does 1 to 100, Inclusive ......................................... 18

TWELFTH CAUSE OF ACTION ........................................................... 19

    Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ................................... 19

PRAYER .................................................................................... 20

Plaintiff, Martha Cristerna, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Martha Cristerna ("plaintiff" or "Cristerna"), whose employment with defendant FedEx Corporation, Federal Express Corporation, and FedEx Express (collectively known as "FedEx" or "Entity Defendants") was wrongfully terminated.  Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Cristerna is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant FedEx is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendants' place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 16633 Schoenborn Street, North Hills, CA 91343. Defendant Kenny Goodnight ("defendant" or "Goodnight") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Goodnight is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning

as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5.   Defendant FedEx both directly and indirectly employed plaintiff Cristerna, as defined in the California Civil Rights Department ("CRD") at Government Code section 12926(d).

///

6.  In addition, defendant FedEx compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.  Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8.  The actions at issue in this case occurred in the State of California, in the County of Los Angeles.  Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

9.  Here, the plaintiff worked primarily in California in the County of Los Angeles. The location where plaintiff worked was located in North Hills, California. The majority of the unlawful actions on the part of the defendants occurred at said North Hills location.

10.  "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The CRD  venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under CRD. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the CRD venue statute control in cases involving CRD claims joined with non- CRD claims arising from the same facts." (*Id*. at 487.)

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL CAUSES OF ACTION

11. *Plaintiff's hiring:* Martha Cristerna, a 56-year-old Hispanic woman, was employed by FedEx Corporation in or around October 2020 as a Shuttle Driver.

12. *Plaintiff's job performance:* During the course of her employment, Cristerna never received a write-up. At all times, Cristerna performed her job duties in an exemplary manner.

13. *Plaintiff's protected status and activity:*

    a.  Plaintiff was discriminated against based on her disability;

    b.  Defendants failed to accommodate Plaintiff's for her disability;

    c.  Defendants failed to engage in a good faith interactive process to accommodate for Plaintiff's disability;

    d.  Defendants failed to assist Plaintiff with finding new positions that would accommodate for her disability;

    e.  Plaintiff made protected complains including safety, unlawful discrimination, harassment, and retaliation experienced as a result of her disability;

14. *Defendants' adverse employment actions and behavior:*

    a.  On or around February 23, 2021, while loading a truck, Cristerna fell between the rear-bumper of the truck and a concrete platform — she fell straight through the gap and landed on her feet. Cristerna felt extreme pain on her left shin, and despite being in shock, was able to pull herself up onto the concrete platform. She asked Team Member Greg "(Greg)", "*Can I go see someone because my leg is really hurting?*" Greg took Cristerna to see a nurse at the facility clinic. The nurse examined Cristerna's shin, wrapped it with bandaged, and gave her an icepack.

    b.  Despite being in significant pain, Cristerna returned to work to finish her shift. Upon her return, she told Operation Manager Goodnight, "*I'm not feeling good. I fell between the bumper of the truck and the concrete platform. I have a lot of pain on my leg. Greg took to a picture of it. Can I see the work doctor?*" Cristerna then showed Goodnight her shin, which was clearly swollen. Goodnight responded, "*No Martha*

*because it's going to go in your record. It's not going to look good and it's a lot of paperwork you have to do.*" Cristerna again asked, "*I need to see a doctor. If I'm not going to see the work doctor, then I'm going to see my own doctor.*" Goodnight, continuing to try to deter Cristerna, replied, "*He won't see you because it's work related.*"

c.  On or around February 24, 2021, Cristerna went to Urgent Care. The Nurse Practitioner provided her with medication and placed her on medical leave for six days. Cristerna submitted her medical note to Goodnight at told him, "*I'm being taken off work for six days.*" Goodnight said, "*No. I would like to see the paper. We're going to send you to our doctor now.*" Cristerna complied.

d.  On or around February 25, 2021, Cristerna filed a Workers' Compensation claim and was evaluated by the Workers' Compensation doctor. An x-ray was performed on her left shin and it was determined that her shin was not broken — thus, she was provided pain medication and ointments. The doctor then placed Cristerna on a medical leave without a return date. Despite her medical leave, Cristerna attempted to return to work with light duty, but Defendants stated they did not have any light duty positions available for her.

e.  In or around the beginning of March 2021, Cristerna began to feel pain in her left shoulder. Cristerna called Goodnight and said, "*My shoulder is hurting a lot.*" To which Kenny Goodnight replied, "*You need to let the doctor know about it.*" Cristerna visited the Workers' Compensation doctor, and an MRI was performed on her shoulder. The MRI indicated that more than 50% of Cristerna's tendons in her left shoulder were torn. Cristerna was also told she would need surgery to repair the tears. On or around March 4, 2021, Cristerna's medical leave was extended.

f.  In or around May 2021, while still on leave, Goodnight called and asked Cristerna, "*Can you come in and do a survey for FedEx? We're getting a lot of people saying they're unhappy with management. I really would appreciate it if you would put 100% and that you're satisfied with your employment.*" Despite Goodnight's wished, Cristerna stated her dissatisfaction with management regarding favoritism and lack of

leadership.

g.   In or around May 2021, while still on leave, Goodnight called Cristerna and asked, "*When are you coming back to work? Are you still sick? What's happening?*" Cristerna said, "*My shoulder is messed up.*" Goodnight did not respond.

h.   On or around June 2, 2021, PNC received an email from Health Care Management Plan Advisor Hanlon stating her leave would expire on August 30, 2021. Cristerna was also told that if she did not return by August 30, 2021, she would need to apply for another available position.

i.   On or around July 1, 2021, Cristerna had surgery for her shoulder. When Cristerna awoke from her surgery, the doctor asked Cristerna, "*How do you feel?*" Cristerna said, "*My shoulder is in pain.*" The doctor said, "*You fell after surgery.*" Cristerna said, "*What?*" The doctor said, "*Yeah, you fell after surgery.*" Cristerna was required to have x-rays on her left knee. Upon returning home, Cristerna noticed bruising along the left side of her body.

j.   In or around July 2021, Goodnight called Cristerna and said, "*We don't have anything for you.*" Cristerna said, "*Why can't I give out keys, or ensure the gate closes behind people when they leave? Why can't I do something like that?*" Goodnight said, "*We don't have anything like that. You'll have to look for other positions within the company.*"

k.   In or around August 2021, Cristerna visited another doctor due to constant pain in her left shoulder. Another MRI was performed on Cristerna's left shoulder, and it was determined her tendons were still torn.

15.   *Defendants' termination of plaintiff's employment:* On or around December 8, 2021, Cristerna was wrongfully terminated by a letter from Hanlon stating 1) she had exceeded the maximum allowance for her sick leave 2) she was not able to perform the essential functions of her position 3) she failed to secure another position within the company that would accommodate for her medical restrictions.

16.   *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment

benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

17.   *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18.   *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

   a.   *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her disability, medical leave, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

   b.   *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her disability, medical leave, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

   c.   *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment

and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

19.  *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20.  *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter.

## FIRST CAUSE OF ACTION
## <u>Discrimination on the Bases of Disability</u>
## <u>(Violation of Government Code § 12900, *et seq.*)</u>
### Against Entity Defendants, and Does 1 to 100, Inclusive

21.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22.  At all times herein mentioned, CRD, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from discriminating against any employee because of the employee's actual, perceived, and/or history of disability.

23.  Plaintiff's disability, and/or other characteristics protected by CRD, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

24.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

25.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum

according to proof.

26.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

27.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION

### Hostile Work Environment Harassment on the Bases of Disability

### (Violation of Government Code § 12900, *et seq.*)

### Against All Defendants; and Does 1 to 100, Inclusive

28.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

29.   At all times herein mentioned, CRD, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she is more than 40 years old or because of the employee's actual, perceived, and/or history of disability.

30.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's age, and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

31.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

32.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings

and other employment benefits.

33.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

35.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## THIRD CAUSE OF ACTION
### Retaliation for Engaging in Protected Activity
### (Violation of Government Code § 12900, *et seq.*)
### Against Entity Defendants; and Does 1 to 100, Inclusive

36.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37.   At all times herein mentioned, CRD, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the CRD, including for requesting or needing reasonable accommodations, seeking to exercise rights guaranteed under CRD, and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

38.   Plaintiff's seeking to exercise rights guaranteed under CRD and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination,

harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

39.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

41.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

42.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**FOURTH CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodation**

**(Violation of Government Code § 12940(a), (i), (m), (n))**

**Against Entity Defendants; and Does 1 to 100, Inclusive**

43.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44.   At all times herein mentioned, CRD, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full

compliance with administrative requirements, and received a right-to-sue letter.

45.   Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and her need to take medical leave as an excuse for terminating plaintiff's employment.

46.   Plaintiff believes and on that basis alleges that her disability and the need to accommodate her disability were substantial motivating factors in defendants' termination of her employment.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FIFTH CAUSE OF ACTION
### Failure to Engage in Interactive Process
### (Violation of Government Code § 12940(a), (i), (m), (n))
### Against Entity Defendants; and Does 1 to 100, Inclusive

51.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52.   At all times herein mentioned, CRD, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute

requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

53.   Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate her known disabilities. Instead, defendants terminated plaintiff's employment in part because of her disabilities.

54.   Plaintiff believes and on that basis alleges that her disability was a motivating factor in defendants' termination of her employment.

55.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

57.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SIXTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, or Retaliation

### (Violation of Government Code § 12900, *et seq.*)

### Against Entity Defendants; and Does 1 to 100, Inclusive

59.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

60.   At all times herein mentioned, CRD, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

61.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's age, and/or or because plaintiff had engaged in protected activity; plaintiff's actual, perceived, and/or history of disability.

62.   Plaintiff believes that she was subjected to discrimination, harassment and retaliation because of her age, and/or protected activity;  plaintiff's actual, perceived, and/or history of disability.

63.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

64.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

65.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

66.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

///

///

///

## SEVENTH CAUSE OF ACTION

### Breach of Express Oral Contract Not to Terminate

### Employment Without Good Cause

### (*Marvin v. Marvin* (1976) 18 Cal.3d 660)

### Against Entity Defendants; and Does 1 to 100, Inclusive

67.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68.   Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

69.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the express oral contract they had with her.

70.   As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## EIGHTH CAUSE OF ACTION

### Breach of Implied-in-Fact Contract Not to

### Terminate Employment Without Good Cause

### (*Marketing West, Inc. v. Sanyo Fisher* (1992)

### 6 Cal.App.4th 603; Civil Code § 1622)

### Against Entity Defendants; and Does 1 to 100, Inclusive

71.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

72.   On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants'

actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

73.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

74.   As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and Retention
### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)
### Against Entity Defendants; and Does 1 to 100, Inclusive

75.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

76.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

77.   Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

# TENTH CAUSE OF ACTION

## Wrongful Termination of Employment in Violation of Public Policy

### (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against Entity Defendants; and Does 1 to 100, Inclusive

78.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status age, and/or protected activity). These actions were in violation of, but not limited to, the CRD, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

80.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

81.   As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

82.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

83.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

///

///

///

///

## ELEVENTH CAUSE OF ACTION

### Whistleblower Retaliation

### (Violation of Labor Code § 1102.5, *et seq.*)

**Against Entity Defendants; and Does 1 to 100, Inclusive**

84.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

85.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct. The statute also further prohibits defendants from retaliating against any employee, including plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

86.   Plaintiff raised complaints of actual and/or potential illegality, including but not limited to complaints about violations of the CRD, California Constitution, and Government Code Section 12900 *et seq*. while she worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

87.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

88.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

89.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

90.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)
### Against All Defendants; and Does 1 to 100, Inclusive

91.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

92.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

93.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

94.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

95.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

# PRAYER

WHEREFORE, plaintiff, Martha Cristerna, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief:

7. For such other and further relief as the Court may deem just and proper;

ADDITIONALLY, plaintiff, Martha Cristerna, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: November 11, 2022         SHEGERIAN & ASSOCIATES, INC.

By: _____
    Gevik Yenoki, Esq.

    Attorneys for Plaintiff,
    MARTHA CRISTERNA

PLAINTIFF'S COMPLAINT FOR DAMAGES

# Exhibit 2

To the Declaration of Thomas J. Moran ISO Notice of Removal

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Gevik Yenoki, Esq., State Bar No. 343514
   GYenoki@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   11520 San Vicente Boulevard
5  Los Angeles, California 90049
   Telephone Number:      (310) 860 0770
6  Facsimile Number:      (310) 860 0771

7  Attorneys for Plaintiff,
   MARTHA CRISTERNA

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12  MARTHA CRISTERNA,                          Case No.: 22STCV35732

13          Plaintiff,                          **PLAINTIFF MARTHA CRISTERNA'S**
                                                **FIRST AMENDED COMPLAINT FOR**
14  vs.                                         **DAMAGES FOR:**

15  FEDEX CORPORATION,                          **(1) DISCRIMINATION IN VIOLATION**
    FEDERAL EXPRESS                                 **OF THE FEHA;**
16  CORPORATION, FEDEX
    EXPRESS, KENNY GOODNIGHT,                   **(2) HOSTILE WORK ENVIRONMENT**
17  and DOES 1 to 100, inclusive,                   **HARASSMENT IN VIOLATION OF**
                                                    **THE FEHA;**
18          Defendants.
                                                **(3) RETALIATION IN VIOLATION OF**
19                                                  **THE FEHA;**

20                                              **(4) FAILURE TO PROVIDE**
                                                    **REASONABLE**
21                                                  **ACCOMMODATION IN**
                                                    **VIOLATION OF THE FEHA;**
22
                                                **(5) FAILURE TO ENGAGE IN THE**
23                                                  **INTERACTIVE PROCESS IN**
                                                    **VIOLATION OF FEHA;**
24
                                                **(6) FAILURE TO PREVENT**
25                                                  **DISCRIMINATION,**
                                                    **HARASSMENT, OR**
26                                                  **RETALIATION IN VIOLATION OF**
                                                    **FEHA;**
27
                                                **(7) BREACH OF EXPRESS ORAL**
28                                                  **CONTRACT NOT TO TERMINATE**
                                                    **EMPLOYMENT WITHOUT GOOD**

─────────────────────────────────────────────────
            PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Electronically Received 11/15/2022 10:40 AM

**FILED**
Superior Court of California
County of Los Angeles
11/15/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ M. Marquez _____ Deputy

CAUSE;

**(8) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**

**(9) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

**(10) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(11) WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);**

**(12) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

*Action Filed: November 11. 2022*

# TABLE OF CONTENTS

**Page**

SUMMARY ........................................................................................................... 1

PARTIES............................................................................................................... 1

VENUE ................................................................................................................. 3

FACTS COMMON TO ALL CAUSES OF ACTION ........................................ 4

FIRST CAUSE OF ACTION ............................................................................... 8

    Discrimination on the Bases of Disability  (Violation of Government Code
    § 12900, *et seq.*) Against Entity Defendants, and Does 1 to 100, Inclusive ............. 8

SECOND CAUSE OF ACTION ........................................................................... 9

    Hostile Work Environment Harassment on the Bases of Disability ........................ 9

    (Violation of Government Code § 12900, *et seq.*) Against All Defendants; and
    Does 1 to 100, Inclusive ........................................................................................ 9

THIRD CAUSE OF ACTION ............................................................................. 10

    Retaliation for Engaging in Protected Activity  (Violation of Government
    Code § 12900, *et seq.*) Against Entity Defendants; and Does 1 to 100,
    Inclusive............................................................................................................... 10

FOURTH CAUSE OF ACTION ......................................................................... 11

    Failure to Provide Reasonable Accommodation (Violation of Government
    Code § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100,
    Inclusive............................................................................................................... 11

FIFTH CAUSE OF ACTION .............................................................................. 12

    Failure to Engage in Interactive Process (Violation of Government Code
    § 12940(a), (i), (m), (n)) Against Entity Defendants; and Does 1 to 100,
    Inclusive............................................................................................................... 12

SIXTH CAUSE OF ACTION .............................................................................. 14

    Failure to Prevent Discrimination, Harassment, or Retaliation (Violation of
    Government Code § 12900, *et seq.*) Against Entity Defendants; and Does 1 to
    100, Inclusive....................................................................................................... 14

SEVENTH CAUSE OF ACTION ........................................................................ 15

    Breach of Express Oral Contract Not to Terminate Employment Without
    Good Cause (*Marvin v. Marvin* (1976) 18 Cal.3d 660) Against Entity
    Defendants; and Does 1 to 100, Inclusive ........................................................... 15

EIGHTH CAUSE OF ACTION ..................................................................... 15

    Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 15

NINTH CAUSE OF ACTION ....................................................................... 16

    Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against Entity Defendants; and Does 1 to 100, Inclusive ........ 16

TENTH CAUSE OF ACTION ....................................................................... 17

    Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against Entity Defendants; and Does 1 to 100, Inclusive .............................................................. 17

ELEVENTH CAUSE OF ACTION ................................................................ 18

    Whistleblower Retaliation (Violation of Labor Code § 1102.5, *et seq.*) Against Entity Defendants; and Does 1 to 100, Inclusive ....................................... 18

TWELFTH CAUSE OF ACTION .................................................................. 19

    Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ................................ 19

PRAYER .................................................................................................. 20

PLAINTIFF'S FIRST COMPLAINT FOR DAMAGES

Plaintiff, Martha Cristerna, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Martha Cristerna ("plaintiff" or "Cristerna"), whose employment with defendant FedEx Corporation, Federal Express Corporation, and FedEx Express (collectively known as "FedEx" or "Entity Defendants") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Cristerna is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant FedEx is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Defendants' place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 16633 Schoenborn Street, North Hills, CA 91343. Defendant Kenny Goodnight ("defendant" or "Goodnight") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Goodnight is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning

as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4.   *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5.   Defendant FedEx both directly and indirectly employed plaintiff Cristerna, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

///

6.   In addition, defendant FedEx compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8.   The actions at issue in this case occurred in the State of California, in the County of Los Angeles.  Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

9.   Here, the plaintiff worked primarily in California in the County of Los Angeles. The location where plaintiff worked was located in North Hills, California. The majority of the unlawful actions on the part of the defendants occurred at said North Hills location.

10.   "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non- FEHA claims arising from the same facts." (*Id*. at 487.)

///

///

## FACTS COMMON TO ALL CAUSES OF ACTION

11. *Plaintiff's hiring:* Martha Cristerna, a 56-year-old Hispanic woman, was employed by FedEx Corporation in or around October 2020 as a Shuttle Driver.

12. *Plaintiff's job performance:* During the course of her employment, Cristerna never received a write-up. At all times, Cristerna performed her job duties in an exemplary manner.

13. *Plaintiff's protected status and activity:*

    a.  Plaintiff was discriminated against based on her disability;

    b.  Defendants failed to accommodate Plaintiff's for her disability;

    c.  Defendants failed to engage in a good faith interactive process to accommodate for Plaintiff's disability;

    d.  Defendants failed to assist Plaintiff with finding new positions that would accommodate for her disability;

    e.  Plaintiff made protected complains including safety, unlawful discrimination, harassment, and retaliation experienced as a result of her disability;

14. *Defendants' adverse employment actions and behavior:*

    a.  On or around February 23, 2021, while loading a truck, Cristerna fell between the rear-bumper of the truck and a concrete platform — she fell straight through the gap and landed on her feet. Cristerna felt extreme pain on her left shin, and despite being in shock, was able to pull herself up onto the concrete platform. She asked Team Member Greg "(Greg)", "*Can I go see someone because my leg is really hurting?*" Greg took Cristerna to see a nurse at the facility clinic. The nurse examined Cristerna's shin, wrapped it with bandaged, and gave her an icepack.

    b.  Despite being in significant pain, Cristerna returned to work to finish her shift. Upon her return, she told Operation Manager Goodnight, "*I'm not feeling good. I fell between the bumper of the truck and the concrete platform. I have a lot of pain on my leg. Greg took to a picture of it. Can I see the work doctor?*" Cristerna then showed Goodnight her shin, which was clearly swollen. Goodnight responded, "*No Martha*

*because it's going to go in your record. It's not going to look good and it's a lot of paperwork you have to do.*" Cristerna again asked, "*I need to see a doctor. If I'm not going to see the work doctor, then I'm going to see my own doctor.*" Goodnight, continuing to try to deter Cristerna, replied, "*He won't see you because it's work related.*"

c.   On or around February 24, 2021, Cristerna went to Urgent Care. The Nurse Practitioner provided her with medication and placed her on medical leave for six days. Cristerna submitted her medical note to Goodnight at told him, "*I'm being taken off work for six days.*" Goodnight said, "*No. I would like to see the paper. We're going to send you to our doctor now.*" Cristerna complied.

d.   On or around February 25, 2021, Cristerna filed a Workers' Compensation claim and was evaluated by the Workers' Compensation doctor. An x-ray was performed on her left shin and it was determined that her shin was not broken — thus, she was provided pain medication and ointments. The doctor then placed Cristerna on a medical leave without a return date. Despite her medical leave, Cristerna attempted to return to work with light duty, but Defendants stated they did not have any light duty positions available for her.

e.   In or around the beginning of March 2021, Cristerna began to feel pain in her left shoulder. Cristerna called Goodnight and said, "*My shoulder is hurting a lot.*" To which Kenny Goodnight replied, "*You need to let the doctor know about it.*" Cristerna visited the Workers' Compensation doctor, and an MRI was performed on her shoulder. The MRI indicated that more than 50% of Cristerna's tendons in her left shoulder were torn. Cristerna was also told she would need surgery to repair the tears. On or around March 4, 2021, Cristerna's medical leave was extended.

f.   In or around May 2021, while still on leave, Goodnight called and asked Cristerna, "*Can you come in and do a survey for FedEx? We're getting a lot of people saying they're unhappy with management. I really would appreciate it if you would put 100% and that you're satisfied with your employment.*"  Despite Goodnight's wished, Cristerna stated her dissatisfaction with management regarding favoritism and lack of

leadership.

g.   In or around May 2021, while still on leave, Goodnight called Cristerna and asked, "*When are you coming back to work? Are you still sick? What's happening?*" Cristerna said, "*My shoulder is messed up.*" Goodnight did not respond.

h.   On or around June 2, 2021, PNC received an email from Health Care Management Plan Advisor Hanlon stating her leave would expire on August 30, 2021. Cristerna was also told that if she did not return by August 30, 2021, she would need to apply for another available position.

i.   On or around July 1, 2021, Cristerna had surgery for her shoulder. When Cristerna awoke from her surgery, the doctor asked Cristerna, "*How do you feel?*" Cristerna said, "*My shoulder is in pain.*" The doctor said, "*You fell after surgery.*" Cristerna said, "*What?*" The doctor said, "*Yeah, you fell after surgery.*" Cristerna was required to have x-rays on her left knee. Upon returning home, Cristerna noticed bruising along the left side of her body.

j.   In or around July 2021, Goodnight called Cristerna and said, "*We don't have anything for you.*" Cristerna said, "*Why can't I give out keys, or ensure the gate closes behind people when they leave? Why can't I do something like that?*" Goodnight said, "*We don't have anything like that. You'll have to look for other positions within the company.*"

k.   In or around August 2021, Cristerna visited another doctor due to constant pain in her left shoulder. Another MRI was performed on Cristerna's left shoulder, and it was determined her tendons were still torn.

15.   *Defendants' termination of plaintiff's employment:* On or around December 8, 2021, Cristerna was wrongfully terminated by a letter from Hanlon stating 1) she had exceeded the maximum allowance for her sick leave 2) she was not able to perform the essential functions of her position 3) she failed to secure another position within the company that would accommodate for her medical restrictions.

16.   *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment

benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

17.   *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

18.   *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

    a.   *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her disability, medical leave, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

    b.   *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her disability, medical leave, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

    c.   *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment

and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

19.  *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

20.  *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") and receiving a CRD right-to-sue letter.

## FIRST CAUSE OF ACTION
### Discrimination on the Bases of Disability
### (Violation of Government Code § 12900, *et seq.*)
### Against Entity Defendants, and Does 1 to 100, Inclusive

21.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

22.  At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from discriminating against any employee because of the employee's actual, perceived, and/or history of disability.

23.  Plaintiff's disability, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

24.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

25.  As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emo-

tional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

26.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

27.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment on the Bases of Disability**

**(Violation of Government Code § 12900, *et seq.*)**

**Against All Defendants; and Does 1 to 100, Inclusive**

28.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

29.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she is more than 40 years old or because of the employee's actual, perceived, and/or history of disability.

30.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's age, and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

31.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

///

32.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

33.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

34.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

35.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## THIRD CAUSE OF ACTION

### Retaliation for Engaging in Protected Activity

### (Violation of Government Code § 12900, *et seq.*)

### Against Entity Defendants; and Does 1 to 100, Inclusive

36.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for requesting or needing reasonable accommodations, seeking to exercise rights guaranteed under FEHA, and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

38.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

39.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

41.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

42.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation

### (Violation of Government Code § 12940(a), (i), (m), (n))

### Against Entity Defendants; and Does 1 to 100, Inclusive

43.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute

requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

45.   Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and her need to take medical leave as an excuse for terminating plaintiff's employment.

46.   Plaintiff believes and on that basis alleges that her disability and the need to accommodate her disability were substantial motivating factors in defendants' termination of her employment.

47.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

49.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

50.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### FIFTH CAUSE OF ACTION
### <u>Failure to Engage in Interactive Process</u>
### <u>(Violation of Government Code § 12940(a), (i), (m), (n))</u>
### Against Entity Defendants; and Does 1 to 100, Inclusive

51.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

52.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

53.   Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate her known disabilities. Instead, defendants terminated plaintiff's employment in part because of her disabilities.

54.   Plaintiff believes and on that basis alleges that her disability was a motivating factor in defendants' termination of her employment.

55.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

57.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

58.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

///

///

///

### SIXTH CAUSE OF ACTION

### <u>Failure to Prevent Discrimination, Harassment, or Retaliation</u>

### <u>(Violation of Government Code § 12900, *et seq.*)</u>

### Against Entity Defendants; and Does 1 to 100, Inclusive

59.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

60.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

61.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's age, and/or or because plaintiff had engaged in protected activity; plaintiff's actual, perceived, and/or history of disability.

62.   Plaintiff believes that she was subjected to discrimination, harassment and retaliation because of her age, and/or protected activity;  plaintiff's actual, perceived, and/or history of disability.

63.   As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

64.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

65.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

66.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages

against defendants.

## SEVENTH CAUSE OF ACTION
### Breach of Express Oral Contract Not to Terminate
### Employment Without Good Cause
### (*Marvin v. Marvin* (1976) 18 Cal.3d 660)
### Against Entity Defendants; and Does 1 to 100, Inclusive

67.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68.   Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

69.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the express oral contract they had with her.

70.   As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## EIGHTH CAUSE OF ACTION
### Breach of Implied-in-Fact Contract Not to
### Terminate Employment Without Good Cause
### (*Marketing West, Inc. v. Sanyo Fisher* (1992)
### 6 Cal.App.4th 603; Civil Code § 1622)
### Against Entity Defendants; and Does 1 to 100, Inclusive

71.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

-15-

72.   On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

73.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

74.   As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## NINTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)

### Against Entity Defendants; and Does 1 to 100, Inclusive

75.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

76.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

77.   Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision

of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## TENTH CAUSE OF ACTION

### Wrongful Termination of Employment in Violation of Public Policy

### (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against Entity Defendants; and Does 1 to 100, Inclusive

78.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status age, and/or protected activity). These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

80.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

81.   As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

82.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

83.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

///

# ELEVENTH CAUSE OF ACTION

## Whistleblower Retaliation

## (Violation of Labor Code § 1102.5, *et seq.*)

### Against Entity Defendants; and Does 1 to 100, Inclusive

84.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

85.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct. The statute also further prohibits defendants from retaliating against any employee, including plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

86.   Plaintiff raised complaints of actual and/or potential illegality, including but not limited to complaints about violations of the FEHA, California Constitution, and Government Code Section 12900 *et seq*. while she worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

87.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

88.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

89.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

90.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## TWELFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)
### Against All Defendants; and Does 1 to 100, Inclusive

91.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

92.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

93.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

94.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

95.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

# PRAYER

WHEREFORE, plaintiff, Martha Cristerna, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief:

7. For such other and further relief as the Court may deem just and proper;


ADDITIONALLY, plaintiff, Martha Cristerna, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: November 15, 2022          SHEGERIAN & ASSOCIATES, INC.


By: _____
Gevik Yenoki, Esq.

Attorneys for Plaintiff,
MARTHA CRISTERNA

# Exhibit 3

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 11/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk, Deputy Clerk

Case 2:23-cv-00131-JLS-MAA   Document 1-1   Filed 01/09/23   Page 55 of 122   Page ID #:57

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>11520 San Vicente Boulevard, Los Angeles California 90049<br>TELEPHONE NO.: (310)860-0770     FAX NO.: (310)860-0771<br>ATTORNEY FOR *(Name):* Plaintiff, Martha Cristerna | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Cristerna v. FedEx Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited     ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter     ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV35732<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☒ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel       e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action *(specify):* Twelve (12) causes of action

5. This case ☐ is ☒ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 11, 2022

Carney R. Shegerian, Esq.
_____           ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>11520 San Vicente Boulevard, Los Angeles California 90049<br>TELEPHONE NO.: (310)860-0770   FAX NO.: (310)860-0771<br>ATTORNEY FOR *(Name):* Plaintiff, Martha Cristerna | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Cristerna v. FedEx Corporation, et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited    ☐ Limited<br>(Amount            (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>22STCV35732 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* Twelve (12) causes of action
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 11, 2022

Carney R. Shegerian, Esq.
_____(TYPE OR PRINT NAME)_____     ▶     _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cristerna v. FedEx Corporation, et al. | 22STCV35732 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cristerna v. FedEx Corporation, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cristerna v. FedEx Corporation, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>           Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cristerna v. FedEx Corporation, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cristerna v. FedEx Corporation, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 16633 Schoenborn Street |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| North Hills | CA | 91343 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __11/11/2022__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

# Exhibit 4

To the Declaration of Thomas J. Moran ISO Notice of Removal

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| _____ ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

    i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

    ii) Bonds/Undertaking documents;

    iii) Trial and Evidentiary Hearing Exhibits

    iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

    v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# Exhibit 5

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Martha Cristerna

DEFENDANT:
FedEx Corporation, et al.

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/14/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Chavez _____ Deputy |

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22STCV35732

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 03/14/2023 | Time: 8:30 AM | Dept.: 56 |
| --- | --- | --- |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __11/14/2022__

_____
Holly J. Fujie / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Carney R. Shegerian
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __11/14/2022__

By __B. Chavez__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/14/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Chavez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Martha Cristerna | |
| DEFENDANT/RESPONDENT:<br>FedEx Corporation, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35732 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Carney R. Shegerian
Shegerian & Associates, Inc.
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/14/2022</u>

By: <u>B. Chavez</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 6

To the Declaration of Thomas J. Moran ISO Notice of Removal

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/14/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV35732 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Holly J. Fujie | 56 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/14/2022
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk                          , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Exhibit 7

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**11/14/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ B. Chavez _____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Martha Cristerna

DEFENDANT(S):

FedEx Corporation, et al.

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: 22STCV35732 |
|---|---|

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>01/13/2023</u> at <u>8:30 AM</u> in department<u>56</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

**Holly J. Fujie**

Dated: <u>11/14/2022</u>

_____
Holly J. Fujie / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/14/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Chavez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Martha Cristerna | |
| DEFENDANT/RESPONDENT:<br>FedEx Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35732 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Carney R. Shegerian
Shegerian & Associates, Inc.
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/14/2022</u>           By: <u>  B. Chavez                        </u>
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 8

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 11/14/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:23-cv-00131-JLS-MAA   Document 1   Filed 01/09/23   Page 81 of 122   Page ID #:96
22STCV35732

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FedEx Corporation, Federal Express Corporation, FedEx Express,
Kenny Goodnight, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Martha Cristerna

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | 22STCV35732 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)          (310)860-0770
Shegerian & Associates, Inc.
11520 San Vicente Boulevard, Los Angeles California 90049

| DATE:<br>*(Fecha)* 11/14/2022 | Clerk, by<br>*(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court<br>Y. Tarasyuk | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

# Exhibit 9

To the Declaration of Thomas J. Moran ISO Notice of Removal

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____          ➤  _____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)
Date:
                                            ➤  _____
_____
          (TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

[ Print ]  [ Save ]                                                          [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➤ _____
_____          (ATTORNEY FOR PLAINTIFF)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR DEFENDANT)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR DEFENDANT)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR DEFENDANT)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

Date: _____

➤ _____
_____          (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                               )     ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation          )     EXTENDING TIME TO RESPOND BY
Stipulations                                   )     30 DAYS WHEN PARTIES AGREE
                                               )     TO EARLY ORGANIZATIONAL
                                               )     MEETING STIPULATION
_____        )

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_

5                                        _Carolyn B. Kuhl_
                                         Carolyn B. Kuhl, Supervising Judge of the
6                                        Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

# Exhibit 10

To the Declaration of Thomas J. Moran ISO Notice of Removal

# Superior Court of California, County of Los Angeles

| ALTERNATIVE DISPUTE RESOLUTION (ADR) |
| :---: |
| **INFORMATION PACKAGE** |
| |
| **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.** |
| |
| **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint. |

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145


**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.


3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Exhibit 11

To the Declaration of Thomas J. Moran ISO Notice of Removal

**ORIGINAL**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* |
|---|---|---|
| Carney R. Shegerian, Esq.<br>Shegerian & Associates, Inc.<br>11520 San Vicente Boulevard<br>Los Angeles California 90049<br>Tel: (310)860-0770 Fax: (310)860-0771 | 150461 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>NOV 14 2022<br><br>SHERRI R. CARTER, CLERK<br>BY: BRENDA CHAVEZ, DEPUTY |

ATTORNEY FOR (Name): Plaintiff, Martha Cristerna

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill St. Los Angeles, California 90012

PLAINTIFF/PETITIONER:
Martha Cristerna

DEFENDANT/RESPONDENT:
FedEx Corporation, et al.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>22STCV35732 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Holly J. Fujie | Dept. Number:<br><br>56 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: <u>Martha Cristerna</u>
 Name of Party

☑ Plaintiff/Petitioner     ☐ Cross Complainant
☐ Defendant/Respondent     ☐ Cross Defendant
☐ Other

Dated: <u>November 14, 2022</u>

*Carney R. Shegerian*
Signature of Declarant

Carney R. Shegerian
Printed Name

| LACIV 015 (Rev. 12-14)<br>LASC Approved 04-04<br>For Optional Use | **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | Code Civ. Proc., § 170.6 |
|---|---|---|

**Cristerna v. FedEx Corporation, et al.**          **CASE NO: 22STCV35732**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11520 San Vicente Boulevard, Los Angeles, California 90049.

On November 14, 2022, I served the foregoing document, described as **"PEREMPTORY CHLLENGE TO JUDICIAL OFFICER"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**FedEx Corporation**
**330 N BRAND BLVD**
**GLENDALE, CA**

**FedEx Express**
**330 N BRAND BLVD,**
**GLENDALE, CA**

**Federal Express Corporation**
**330 N BRAND BLVD,**
**GLENDALE, CA**

**Kenny Goodnight**
**23403 Via Farallon**
**Valencia, CA 91355**

☒ **(BY MAIL)** As follows:

☒ I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

☒ I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐ **(BY ELECTRONIC MAIL)** I sent such document via electronic mail to the email(s) noted above.

☒ **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed November 14, 2022, at Los Angeles, California.

_____
Michelle Hemer

# Exhibit 12

To the Declaration of Thomas J. Moran ISO Notice of Removal

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/15/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ O. Chavez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Martha Cristerna | |
| DEFENDANT/RESPONDENT:<br>FedEx Corporation, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35732 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order) of 11/15/2022 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Carney R. Shegerian
Shegerian & Associates, Inc.
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/15/2022

By: O. Chavez
Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 13

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 56

**22STCV35732**                                                November 15, 2022
**MARTHA CRISTERNA vs FEDEX CORPORATION, et al.**                 10:46 AM

Judge: Honorable Holly J. Fujie          CSR: None
Judicial Assistant: O.Chavez             ERM: None
Courtroom Assistant: None                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order

The Court reviews the Peremptory Challenge filed by Martha Cristerna (Plaintiff) on 11/14/2022 pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper format, and is accepted.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Kevin C. Brazile in Department 20 at the Stanley Mosk Courthouse for all further proceedings.

All future hearings in this department are advanced to this date and taken off calendar.

Certificate of Mailing is attached.

# Exhibit 14

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

11/15/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ O. Chavez _____ Deputy

PLAINTIFF(S):
Martha Cristerna

DEFENDANT(S):
FedEx Corporation, et al.

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

CASE NUMBER:

22STCV35732

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD OR PLAINTIFF(S) IN PROPRIA PERSONA:

You are hereby notified that effective <u>11/14/2022</u>, an order was made that the above-entitled action, previously assigned to <u>Holly J. Fujie</u>, is now and shall be assigned to <u>Kevin C. Brazile</u> as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in department <u>20</u> at <u>Stanley Mosk Courthouse</u> (See Chapter 3, Los Angeles Court Rules) All matters on calendar in this case are advanced to this date, vacated, to be rescheduled in the newly assigned department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/15/2022</u>    By <u>O. Chavez</u>

Deputy Clerk

**NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Vacate Dates)**

(Proposed LACIV 253)
LASC Approved [00/00]

| | Reserved for Clerk's File Stamp |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF LOS ANGELES | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/15/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ O. Chavez _____ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street Los Angeles, CA 90012 | |
| PLAINTIFF/PETITIONER:<br>Martha Cristerna | |
| DEFENDANT/RESPONDENT:<br>FedEx Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35732 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment/Vacate Hearings upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Carney R. Shegerian
Shegerian & Associates, Inc.
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/15/2022</u>          By: <u>  O. Chavez                              </u>
                                              Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 15

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

11/16/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _C. Cortez_ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Martha Cristerna

DEFENDANT:
FedEx Corporation, et al.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22STCV35732

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 03/08/2023 | Time: 8:30 AM | Dept.: 20 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 11/16/2022

_Kevin C. Brazile / Judge_
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Carney R. Shegerian
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 11/16/2022

By _C. Cortez_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# Exhibit 16

To the Declaration of Thomas J. Moran ISO Notice of Removal

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**11/16/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____C. Cortez_____ Deputy

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Martha Cristerna

DEFENDANT(S):

FedEx Corporation, et al.

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER: |
|---|---|
| | 22STCV35732 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>03/08/2023</u> at <u>8:30 AM</u> in department <u>20</u> of this court, <u>Stanley Mosk Courthouse</u>, and show cause why sanctions should not be imposed for:

[✓]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>11/16/2022</u>

_____
Kevin C. Brazile / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/16/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Cortez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Martha Cristerna | |
| DEFENDANT/RESPONDENT:<br>FedEx Corporation, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35732 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Carney R. Shegerian
Shegerian & Associates, Inc.
11520 San Vicente Blvd.
Los Angeles, CA 90049

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>11/16/2022</u>

By: <u>C. Cortez</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

# Exhibit 17

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 01/09/23. Reviewed By: M. Sheridan, Deputy Clerk of Court by Gregg Paredes, Deputy Clerk

Case 2:23-cv-00131-JLS-MAA Document 1-1 Filed 01/09/23 Page 114 of 122 Page ID #:129

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>Carney Shegerian, 150461<br>Shegerian & Associates<br>6205 Lusk Blvd , Suite 200<br>San Diego , CA 92121<br>   TELEPHONE NO.: (310) 860-0770<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: **Martha Cristerna** | CASE NUMBER:<br>**22STCV35732** |
| DEFENDANT/RESPONDENT: **FedEx Corporation, et al.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:

   Summons; Complaint; First Amended Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Peremptory Challenge; Alternative Dispute Resolution Package; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)

3. a. Party served: FEDERAL EXPRESS CORPORATION

   b. Person Served: CT Corporation System - Sarai Marin, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served:  330 North Brand Blvd, #700
   Glendale, CA 91203

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  (date): 12/08/2022          (2) at   (time): 12:21PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


   FEDERAL EXPRESS CORPORATION
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Jessica Brown
   b. Address:     One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
       (3) registered California process server.
           (i) Employee or independent contractor.
           (ii) Registration No.: 2019217220
           (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/08/2022


Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 19433774

# Exhibit 18

To the Declaration of Thomas J. Moran ISO Notice of Removal

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>Carney Shegerian, 150461<br>Shegerian & Associates<br>6205 Lusk Blvd , Suite 200<br>San Diego , CA 92121<br>**TELEPHONE NO.:** (310) 860-0770<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Martha Cristerna | CASE NUMBER:<br>22STCV35732 |
| DEFENDANT/RESPONDENT: FedEx Corporation, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:

Summons; Complaint; First Amended Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Peremptory Challenge; Alternative Dispute Resolution Package; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)

3. a. Party served: FEDEX CORPORATION

   b. Person Served: CT Corporation System - Sarai Marin, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
                                     Glendale, CA 91203

5. I served the party

   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on (date): 12/08/2022        (2) at (time): 12:21PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   FEDEX CORPORATION
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Jessica Brown
   b. Address:     One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
       (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2019217220
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/08/2022

Jessica Brown                                                                         
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 19433773

# Exhibit 19

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2022 01:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Orrego, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carney Shegerian, 150461<br>Shegerian & Associates<br>6205 Lusk Blvd , Suite 200<br>San Diego , CA 92121<br>TELEPHONE NO.: (310) 860-0770<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Martha Cristerna | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FedEx Corporation, et al. | 22STCV35732 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2.  I served copies of:

Summons; Complaint; First Amended Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Peremptory Challenge; Alternative Dispute Resolution Package; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)

3.  a. Party served:  FEDEX EXPRESS

    b. Person Served: CT Corporation System - Sarai Marin, Process Specialist - Person Authorized to Accept Service of Process

4.  Address where the party was served:  330 North Brand Blvd, #700
    Glendale, CA 91203

5.  I served the party

    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on  (date): 12/08/2022          (2) at  (time): 12:21PM

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    d. on behalf of:

    FEDEX EXPRESS
    under: CCP 416.10 (corporation)

7.  **Person who served papers**

    a. Name:     Jessica Brown

    b. Address:   One Legal - P-000618-Sonoma
                1400 North McDowell Blvd, Ste 300
                Petaluma, CA 94954

    c. Telephone number: 415-491-0606

    d. The fee for service was: $ 30.00

    e I am:

        (3)  registered California process server.
            (i)  Employee or independent contractor.
            (ii) Registration No.: 2019217220
            (iii) County: Los Angeles

8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/08/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 19433775

# Exhibit 20

To the Declaration of Thomas J. Moran ISO Notice of Removal

Electronically FILED by Superior Court of California, County of Los Angeles on 12/19/2022 12:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Abraham,Deputy Clerk

Case 2:23-cv-00131-JLS-MAA   Document 1-1   Filed 01/09/23   Page 120 of 122   Page ID #:135

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shegerian & Associates, Inc.<br>Carney R. Shegerian, Esq. SBN 150461<br>11520 San Vicente Boulevard<br>Los Angeles, CA 90049<br>    TELEPHONE NO: (310) 860-0770        FAX NO *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
  STREET ADDRESS: 111 N. Hill St.
  MAILING ADDRESS:
  CITY AND ZIP CODE:  Los Angeles, 90012
  BRANCH NAME:  Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse

| PLAINTIFF / PETITIONER:  Martha Cristerna<br>DEFENDANT / RESPONDENT:  FedEx Corporation, et al. | CASE NUMBER:<br>22STCV35732 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>8063467 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [ ] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:  First Amended Complaint; (Original) Complaint; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; Peremptory Challenge to Judicial Officer (Code Civ. Proc., § 170.6); First Amended General Order re Mandatory Electronic Filing for Civil; Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days when Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations
3. a. Party served *(specify name of party as shown on documents served)*:
      Kenny Goodnight
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   23403 Via Farallon, Valencia, CA 91355
5. I served the party *(check proper box)*
   a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Sun, Dec 11 2022        (2) at *(time)*:  01:07 PM
   b. [ ] by substituted service. On *(date)*:                    at *(time)*:                    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
         from *(city)*:                                           or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure, § 417.10

| PLAINTIFF / PETITIONER: Martha Cristerna | CASE NUMBER: |
| DEFENDANT / RESPONDENT: FedEx Corporation, et al. | 22STCV35732 |

5.　c.　☐　by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
　　　　(1)　on *(date)*:　　　　　　　　　　　　　(2)　from *(city)*:
　　　　(3)　☐　with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
　　　　(4)　☐　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
　　d.　☐　by other means *(specify means of service and authorizing code section)*:

　　　　☐　Additional page describing service is attached.
6.　The "Notice to the Person Served" (on the summons) was completed as follows:
　　a.　☒　as an individual defendant.
　　b.　☐　as the person sued under the fictitious name of *(specify)*:
　　c.　☐　as occupant.
　　d.　☐　On behalf of *(specify)*:
　　　　under the following Code of Civil Procedure section:
　　　　☐　416.10 (corporation)　　　　　　　　　　☐　415.95 (business organization, form unknown)
　　　　☐　416.20 (defunct corporation)　　　　　　☐　416.60 (minor)
　　　　☐　416.30 (joint stock company/association)　☐　416.70 (ward or conservatee)
　　　　☐　416.40 (association or partnership)　　　☐　416.90 (authorized person)
　　　　☐　416.50 (public entity)　　　　　　　　　☐　415.46 (occupant)
　　　　☐　other:
7.　Person who served papers
　　a.　Name:　　　　　　　　Paulette Sands
　　b.　Address:　　　　　　 4651 Brookhollow Cir., Ste. C, Riverside, CA 92509
　　c.　Telephone number:　 951-353-8281
　　d.　The fee for service was:　$112.95
　　e.　I am:
　　　　(1)　☐　not a registered California process server.
　　　　(2)　☐　exempt from registration under Business and Professions Code section 22350(b).
　　　　(3)　☒　a registered California process server:
　　　　　　(i)　☐　owner　☐　employee　☒　independent contractor
　　　　　　(ii)　Registration No: 3928
　　　　　　(iii)　County:　Los Angeles
8.　☒　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
　　　　or
9.　☐　I am a California sheriff or marshal and I certify that the foregoing is true and correct.


Date:　12/13/2022

Paulette Sands

_____
(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

_____
(SIGNATURE)

# CERTIFICATE OF SERVICE

### *Martha Cristerna v. FedEx Express Corporation, et al.*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On January 9, 2023, I served the within document(s): **DECLARATION OF THOMAS J. MORAN IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**

☒ With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

| | |
|---|---|
| Carney R. Shegerian, Esq.<br>Anthony Nguyen, Esq.<br>Gevik Yenoki, Esq.<br>Shegerian & Associates, Inc.<br>11520 San Vicente Boulevard<br>Los Angeles, CA 90049<br>(310) 860-0770; FAX: (310) 860-0771<br>CShergerian@Sheerianlaw.com<br>ANguyen@Shegerianlaw.com<br>GYenoki@Shegerianlaw.com<br>**Attorney for Plaintiff, MARTHA CRISTERNA** | |

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 9, 2023, at Irvine, California.

*/s/ Renee K. Aven*
Renee K. Aven