JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-00131-JLS-MAA                                    Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (Doc. 18); DENYING MOTIONS TO DISMISS AS MOOT (Docs. 10, 12)**

Before the Court are three motions: a Motion to Dismiss and/or Strike filed by Defendant Federal Express Corporation (Doc. 10); a Motion to Dismiss filed by Defendant FedEx Corporation (Doc. 12); and a Motion to Remand filed by Plaintiff Martha Cristerna (Doc. 18.)  All three motions were fully briefed.  (*See* Docs. 15, 23, 24, 27, 30.)  The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for April 7, 2023 at 10:30 a.m. is VACATED.  For the reasons explained below, Cristerna's Motion to Remand is GRANTED.  The Court therefore does not consider the Motions to Dismiss, and both are DENIED AS MOOT.

I. **BACKGROUND**

Cristerna alleges that she was employed collectively by FedEx Corporation, Federal Express Corporation, and FedEx Express[1] in or around October 2020 as a Shuttle

---

[1] Cristerna sued Federal Express Corporation and FedEx Express as two separate defendants, but FedEx Express is Federal Express Corporation's trade name and DBA.  (Notice of Removal, Doc. 1 at 2-3 n.1.)  Federal Express Corporation appears in this action as Federal Express Corporation aka FedEx Express.  (*Id.*)  Defendant FedEx Corporation alleges it is the parent of Federal Express Corporation and had no relationship to the Plaintiff.  (Doc. 12 at 2.)  The Court does not address that issue in this Order, and refers hereafter to Defendant Federal Express Corporation as "FedEx Express."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00131-JLS-MAA                                          Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

Driver. (First Amended Complaint ("FAC"), Ex. 2 Doc. 1-1 at 34 & ¶ 11.) On February 23, 2021, she fell between the rear bumper of a truck and a concrete platform while loading the truck. (*Id.* ¶ 14.) Her left shin was in pain, and a facility nurse gave her an ice pack and bandaged her shin. (*Id.*) After returning to finish her shift, Cristerna continued to experience "significant pain" and asked Operation Manager Kenny Goodnight if she could see the "work doctor." (*Id.*) He told her "No," because it would go on her record, it would not "look good," and it would entail a lot of paperwork. (*Id.*) When she stated she would see her own doctor instead, Goodnight tried to dissuade her, saying her doctor would not see her because the injury was work-related. (*Id.*)

The next day, Cristerna went to Urgent Care, where a nurse practitioner placed her on medical leave for six days. (*Id.*) When Cristerna submitted the medical note to Goodnight, he told her "We're going to send you to our doctor now." (*Id.*) On February 25, 2021, Cristerna filed a Workers' Compensation claim, was evaluated by the Workers' Compensation doctor, and was placed on medical leave without a return date. (*Id.*) She requested to work light duty positions but was told that there were no such positions available for her. (*Id.*)

In March 2021, Cristerna began experiencing pain in her left shoulder, and Goodnight told her to let the doctor know. (*Id.*) The Workers' Compensation doctor performed an MRI that showed that more than 50% of the tendons in her left shoulder were torn and that she would need surgery. (*Id.*) Her medical leave was extended. (*Id.*) In approximately May 2021, Goodnight asked Cristerna when she would be coming back, and she replied, "My shoulder is messed up." (*Id.*)

On June 2, 2021, Cristerna was told her leave would expire on August 30, 2021 and that if she did not return by then she would need to apply for another available position. (*Id.*) Cristerna had shoulder surgery on July 1, 2021. (*Id.*) In July 2021, Goodnight called Cristerna and told her they did not have a position for her. (*Id.*) She asked for a position giving out keys or operating the gate, but Goodnight told her she would have to look for other positions within the company. (*Id.*) In August 2021, Cristerna visited another doctor because she continued to experience pain in her left shoulder; another MRI determined that her tendons were still torn. (*Id.*) On December 8, 2021, Cristerna was terminated by a letter stating that she had exceeded her maximum sick leave allowance, she was unable to perform essential functions of her position, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00131-JLS-MAA                                      Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

she had failed to secure another position within the company that would accommodate for her medical restrictions.  (*Id.* ¶ 15.)

Cristerna filed this action in Los Angeles County Superior Court on November 14, 2022.  (Complaint, Ex. 1 Doc. 1-1.)  She brings claims for disability discrimination; hostile work environment harassment; retaliation; failure to provide reasonable accommodation; failure to engage in the interactive process; failure to prevent discrimination, harassment, or retaliation; breach of express contract; breach of implied-in-fact contract; negligent hiring, supervision, and retention; wrongful termination in violation of public policy; whistleblower retaliation; and intentional infliction of emotional distress.  (FAC ¶¶ 21-95.)

Defendant FedEx Express removed to this Court on January 9, 2023 on the basis of diversity jurisdiction.  (Notice of Removal, Doc. 1.)  Cristerna now moves for remand to state court, arguing that FedEx Express has not met its burden of establishing diversity jurisdiction.

## II.  LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, FedEx Express bears "the burden of establishing federal jurisdiction." *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00131-JLS-MAA            Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

### III.  ANALYSIS

Cristerna argues that remand is appropriate here because FedEx Express has failed to establish either the requisite amount in controversy or complete diversity of the parties. (Mot. at 6.)  FedEx Express argues that it has adequately demonstrated the amount in controversy and the diversity of the FedEx Defendants from Cristerna, and further argues that there is complete diversity because the only California domiciliary defendant, Goodnight, was fraudulently joined.  (Opp. at 9.)  Because the Court concludes that FedEx Express has not established fraudulent joinder, it does not address the remaining arguments.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot establish a cause of action against the non-diverse party in state court." *Robey v. FCA US LLC*, No. 20-00367, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quotations omitted).  A defendant seeking to remove on the basis of fraudulent joinder faces both "the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (quotations omitted).

Courts in the Ninth Circuit have sometimes restricted their fraudulent joinder analysis to the operative complaint, without consideration of other causes of action or additional facts that might be alleged in amended pleadings.  *See, e.g.*, *Pasco v. Red Robin Gourmet Burgers*, Inc., No. 11-01402, 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. 11-1402, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that *could* be alleged via an amended complaint.").  However, "the majority of federal district court decisions within the Ninth Circuit (especially the more recent cases) . . . require the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00131-JLS-MAA                                                                          Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

defendant to show not only that the plaintiff has not stated a claim, but would be denied leave to amend." *Madayag v. McLane/Suneast, Inc.*, No. 16-1082, 2017 WL 30014, at *3 (E.D. Cal. Jan. 3, 2017) (surveying cases). As this Court has previously found, the possibility of amendment of the complaint must be taken into consideration where fraudulent joinder is alleged. *See Shaw v. American Airlines, Inc.*, No. 22-08137, 2023 WL 1815870, at *3 (C.D. Cal. Feb. 7, 2023); *Reitz v. FCA US LLC*, No. 20-00687, 2021 WL 1905049, at *3 (C.D. Cal. May 11, 2021).

      Here, Cristerna asserts two claims against Goodnight: harassment and intentional infliction of emotional distress ("IIED"). FedEx Express argues that the conduct alleged in the FAC against Goodnight is legally insufficient to state claims for harassment and IIED, and that Cristerna's IIED claim is barred by the exclusive remedy provisions of the California Workers' Compensation Act. It argues that Cristerna's allegations against Goodnight were all related to Goodnight's management, and therefore cannot form the basis of a harassment claim. (Opp. at 21-25); *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996) ("Harassment . . . consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management."). FedEx Express further argues that the allegations against Goodnight are not of behavior "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment." *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (2010); (*see* Opp. at 25-26.) As for IIED, FedEx Express argues that Cristerna has not pleaded behavior by Goodnight that was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982); (*see* Opp. at 26-28.) It further argues that, just as managerial activity cannot form the basis of a harassment claim, it cannot form the basis of an IIED claim. (Mot. at 27-28.) Finally, it argues that all of the conduct was within the context of the employment relationship, and as a result, Cristerna's IIED claim is preempted by the exclusive remedy of workers' compensation benefits. *See Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014) ("Physical and emotional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action.").

      While it may be the case that Cristerna's FAC does not meet the pleading standards to survive dismissal, FedEx Express has not shown that Cristerna would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00131-JLS-MAA                                             Date: April 05, 2023
Title: Martha Cristerna v. FedEx Corporation

unable to amend her complaint to state a harassment claim. As to its argument that Cristerna has not alleged sufficiently severe or pervasive conduct to state a harassment claim, "the complaint's shortcomings, if any, are strictly factual," and thus could be remedied by amendment. *Stanbrough v. Georgia-Pacific Gypsum LLC*, No. 08-8303, 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009). As for the argument that Goodnight's conduct was entirely managerial, "[i]n California, whether an act falls within the scope of employment is generally a question of fact reserved for the jury." *Smith v. Staples Cont. & Com., Inc.*, No. 14-07836, 2014 WL 7333421, at *6 (C.D. Cal. Dec. 19, 2014). "[S]ome official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009).

Similarly, FedEx Express has not shown that Cristerna would be unable to amend her complaint to state an IIED claim if it were found to be inadequate to state a claim by a state court. It argues that Cristerna's claim is preempted, but "courts have held that IIED claims are not preempted by the Workers Compensation Act when they involve separate discrimination claims, such as allegations that an employer discriminated against the plaintiff by refusing to provide medical leave for a disability." *Vanderhule v. Amerisource Bergen Drug Corp.*, No. 16-2104, 2017 WL 168911, at *4 (C.D. Cal. Jan. 17, 2017). Here, Cristerna has alleged that Goodnight acted on a discriminatory basis. There is thus a "non-fanciful possibility" that Cristerna could maintain her IIED claim despite the Worker's Compensation Act. *Id.* at *5.

### IV.    CONCLUSION

Accordingly, there is not complete diversity and this Court lacks subject matter jurisdiction over this matter, and the action is REMANDED to Los Angeles County Superior Court, Case No. 22STCV35732.

Initials of Deputy Clerk: vrv